UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PATTEA TACUBA, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>BAXTER CREDIT UNION, doing business as BCU,<br><br>　　　　　Defendant. | Case No.: 21-cv-618 |

## CLASS ACTION COMPLAINT

For this class action Complaint, Plaintiff Pattea Tacuba alleges and states as follows:

### PARTIES

1. Defendant Baxter Credit Union, doing business as BCU ("BAXTER") is an Illinois-based credit union with a principal office address of 340 North Milwaukee Avenue, Vernon Hills, Illinois.

2. Plaintiff Pattea Tacuba ("TACUBA") is a citizen of Wisconsin whose domicile at all relevant times was in Kenosha County, Wisconsin.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Upon information and belief, there are at least one hundred (100) members in the proposed classes and, upon further information and belief, the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of, interest and costs, and this is a class action in which one Defendant and more than two-thirds of the proposed Plaintiff classes are citizens of different states.

1

4. This Court has jurisdiction over BAXTER as it does substantial business in the State of Wisconsin, including in this federal District.

5. Venue is proper as to BAXTER in this District under 28 U.S.C § 1391 because the events giving rise to the claims occurred in this federal District.

## CLASS ACTION ALLEGATIONS

6. Because BAXTER's conduct towards TACUBA is consistent with its policies and practices, this action is brought by TACUBA, both individually and on behalf of similarly situated individuals.

7. This action may be properly maintained as a class action as it satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(1), (b)(2) and (b)(3) and Wis. Stat. § 426.110. Plaintiff seeks certification of the following classes:

### Class A

All Wisconsin residents who made payments on retail installment contracts to BAXTER prior to February 17, 2021 and during the Class Period.

### Class B

All Wisconsin residents who made payments on retail installment contracts to BAXTER prior to February 17, 2021 and had the vehicle subject to those payments repossessed during the Class Period.

#### Sub-Class B

All Wisconsin residents who had a retail installment contract with BAXTER for $25,000 or less (and incurred for personal, family, or household purposes) and had the vehicle subject to the retail installment contract repossessed by BAXTER during the Class Period.

Plaintiff reserves the right to modify the class definitions or add additional classes as necessary prior to filing a motion for class certification.

8. The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on the date of entry of judgment.

9. Excluded from the Classes are BAXTER and any affiliate, parent, or subsidiary of BAXTER; any entity in which BAXTER has a controlling interest; any officer, director, or employee of BAXTER; any successor or assign of BAXTER; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse and immediate family members; and members of the judge's staff.

10. The Classes meet all the prerequisites of Rule 23(a).

11. <u>Numerosity</u>: While the exact number of members cannot be determined yet, the Classes consist at a minimum of one hundred (100) persons located throughout Wisconsin.

12. The members of the Classes are therefore so numerous that joinder of all members is impracticable. The exact number and identification of Class members can readily be determined by review of information maintained by Defendant.

13. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Classes. Among the questions of law and fact common to the Classes are:

    a. Whether, regarding retail installment contracts entered into prior to February 17, 2021, BAXTER collected funds from Wisconsin consumers without right to do so?

    b. Whether, regarding retail installment contracts entered into prior to February 17, 2021, BAXTER had a right to repossess vehicles from Wisconsin consumers?

3

Case 2:21-cv-00618-JPS   Filed 05/18/21   Page 3 of 10   Document 1

14. <u>Typicality</u>: TACUBA has substantially the same interests as all other members of the Classes, and her claims arise out of the same set of facts and conduct as all other members of the Classes. TACUBA and all Class members have sustained damages arising out of BAXTER's course of conduct and were damaged in materially the same way by BAXTER's wrongful conduct.

15. <u>Adequacy of Representation</u>: TACUBA is committed to pursuing this action as a class action and has retained competent counsel experienced in class action and complex litigation. Accordingly, TACUBA will fairly and adequately protect the interests of the members of the Classes. TACUBA's claims are coincident with, and not antagonistic to, those of the other Class members she seeks to represent. TACUBA has no conflicts with the members of the Class and will fairly and adequately represent the interests of the Class members.

16. <u>Superiority:</u> A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Class-wide litigation of common issues will reduce litigation costs and promote greater efficiency. Individualized litigation brought by members of the Classes would create the danger of inconsistent or contradictory judgments arising from the same set of facts and would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class-action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. On or about November 14, 2017 TACUBA visited Auto World, an automobile dealership in Kenosha, Wisconsin.

18. After browsing the lot, TACUBA selected a 2017 Ford Fusion (the "Vehicle") to purchase.

19. After TACUBA selected the Vehicle for purchase, Auto World began the credit approval and financing process for the sale of the Vehicle.

20. Auto World presented TACUBA with one financing option, the option to finance the Vehicle through BAXTER.

21. TACUBA did not know, and had never heard of, BAXTER prior to Auto World presenting it as her only financing option.

22. TACUBA and Auto World entered into a retail installment sales contract ("RISC") for the loan of $25,000 or less to purchase the Vehicle for personal, family, or household purposes.

23. Auto World immediately assigned or sold its interest in the RISC to BAXTER.

24. TACUBA took possession of the Vehicle on or about November 17, 2017.

25. On or about December 17, 2017, TACUBA made the first payment to BAXTER.

26. TACUBA made payments to BAXTER through October 2020.

27. On or about February 11, 2021 the Vehicle was repossessed, upon information and belief, at the direction and request of BAXTER.

28. BAXTER was not approved to conduct business as a credit union in the State of Wisconsin until February 17, 2021.

29. Prior to filing this Complaint, TACUBA sent notice to BAXTER in accordance with Wis. Stat. § 426.110(4). No response, correction, or remedy was made by BAXTER in connection with the notice from TACUBA.

## CLAIMS FOR RELIEF

### First Cause of Action
### Violation of Wis. Stat. § 218
### (On Behalf of Class A)

30. TACUBA re-alleges the paragraphs above.

31. BAXTER is a sales finance company as that term is used in Wis. Stat. §218.0101(34).

32. BAXTER has never possessed a valid sales finance company license as required under Wis. Stat. § 218.0114(1).

33. BAXTER failed to send TACUBA a written notification of its acquisition of the RISC as required by Wis. Stat. § 218.0142(6)(a)(1).

34. BAXTER failed to give written notice to TACUBA regarding details of the loan, including "a statement of the particulars of the retail installment contract price required under Wis. Stat. § 218.0142(2) to be stated by the retail seller, in accordance with the finance company's records respecting the particulars of the retail installment contract, including the amount of the finance charge." Wis. Stat. § 218.0142(6)(a)(2).

35. BAXTER regularly sought, demanded, and collected payments on the retail installment contract from TACUBA.

36. Under Wis. Stat. § 218.0142(8) and (9), TACUBA has a defense to the enforcement of the consumer credit transaction/retail installment contact as BAXTER does not, and did not, possess a sales finance license as required under Wis. Stat. § 218.0114(1).

### Second Cause of Action
### Violation of Wis. Stat. § 427
### (On Behalf of Class A)

37. TACUBA re-alleges the paragraphs above.

38. In addition to lacking a sales finance company license as required by Wis. Stat. § 218.0114(1), BAXTER was not approved by the Wisconsin Office of Credit Unions under Wis. Stat. § 186.45(2) to operate in the State of Wisconsin until February 17, 2021.

39. In violation of Wis. Stat. § 427.104(1)(j), BAXTER collected funds from TACUBA which it did not have a right to collect.

40. The amounts BAXTER collected from TACUBA constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

41. As a result of BAXTER's illegal conduct, TACUBA has suffered actual damages, including emotional distress, mental anguish, and loss of property.

42. Under Wis. Stat. § 427.105, BAXTER is liable to TACUBA for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees.

### Third Cause of Action
### Violation of Wis. Stat. § 409
### (On Behalf of Class B)

43. TACUBA re-alleges the paragraphs above.

44. The RISC signed by TACUBA that Auto World assigned to BAXTER falls within the scope of the provisions enumerated in Wis. Stat. § 409, commonly referred to as the Uniform Commercial Code – Secured Transactions ("UCC").

45. BAXTER's repossession of the Vehicle in direct contravention of its duty to act in good faith and deal fairly with Plaintiff violated Wis. Stat. § 401.304. Further, BAXTER repossessed the collateral, when it knew or should have known that it had no right under the UCC to do so.

46. As a result of BAXTER's violation of Wis Stat § 401.304, TACUBA has suffered actual damages and is entitled to recover for those damages plus a sum equal to the time-price differential service charge plus ten percent (10%) of the cash price under the loan agreements, pursuant to Wis. Stat. § 409.507(1).

47. TACUBA is further entitled to a determination that BAXTER is owed no money from TACUBA.

### Fourth Cause of Action
### Violation of the Wisconsin Consumer Act
### (on Behalf of Sub-Class B)

48. TACUBA re-alleges the paragraphs above.

49. The financing of the Vehicle was a "consumer credit transaction" as defined in Wis. Stat. § 421.301(10).

50. TACUBA is a "customer" as defined in Wis. Stat. § 421.301(17).

51. BAXTER is a "merchant" as that term is defined in Wis. Stat. § 421.301(25).

52. BAXTER was not entitled to repossess the Vehicle as BAXTER did not maintain a valid right to receive payments from TACUBA.

53. BAXTER repossessed TACUBA's vehicle without a legal or statutory right to do so and TACUBA is entitled to damages.

54. Under Wis. Stat. § 425.305, Plaintiff is entitled to have any alleged lien avoided, return of the vehicle (or if the vehicle has been sold, the retail fair market value of the vehicle), waiver of any alleged balance, actual damages, statutory damages, punitive damages, the return of payments already made towards the vehicle, and reasonable attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A. An Order certifying this action as a class action;

B. An Order appointing Plaintiff as class representative and appointing counsel undersigned to represent the Classes;

C. An Injunction prohibiting Defendant from continuing to seek, demand and collect funds pursuant to retail installment contracts entered into prior to February 17, 2021 with members of the Classes;

D. An Injunction prohibiting Defendant from repossessing vehicles which are the subject of retail installment contracts entered into prior to February 17, 2021 with members of the Classes;

E. An Order awarding Plaintiff and Class members any and all damages associated with Defendant's conduct, including punitive damages;

F. An Order awarding Plaintiff and Class members restitution, a constructive trust, disgorgement, rescission, or other equitable relief as the Court deems proper;

G. An Order awarding attorneys' fees and costs;

H. An Order awarding pre-judgment and post-judgment interest; and

I. Such other and further relief as this Court may deem just, equitable, or proper.

Dated this 18th day of May, 2021.

>*/s/ Luke Hudock*
>Luke Hudock, 1086264
>HUDOCK LAW GROUP, LLC
>P.O. Box 83
>Muskego, WI 53150
>(414)526-4906
>lphudock@law-hlg.com

Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414)377-0515
nathan@dela-law.com

Francis R. Greene
GREENE CONSUMER LAW
Bar No. 1115577 (WI)
1954 1st St. #154
Highland Park, IL 60035
Telephone: 312-847-6979
Facsimile: 312-847-6978
E-mail: francis@greeneconsumerlaw.com

*Attorneys for Plaintiff and the Proposed Class*